UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

Alicia Mauricio Diego,

          Petitioner,        Case No. 25-13288

v.                                   Judith E. Levy
                                   United States District Judge

Kevin Raycraft, Immigration and
Customs Enforcement, Detroit     Mag. Judge Anthony P. Patti
Field Office, Field Office Director of
Enforcement and Removal
Operations, *et al.*

          Respondents.

_____/

**ORDER GRANTING PETITION FOR A WRIT OF HABEAS
CORPUS [1], DISMISSING SEVERAL RESPONDENTS,
ORDERING RESPONDENT TO PROVIDE PETITIONER WITH A
BOND HEARING OR OTHERWISE RELEASE HER, AND
<u>ORDERING RESPONDENT TO PROVIDE A STATUS REPORT</u>**

    Before the Court is Alicia Mauricio Diego's petition for a writ of habeas corpus. (ECF No. 1.) Petitioner states that she is being detained without a bond hearing in violation of the Immigration and Nationality Act ("INA") and that her detention without a bond hearing violates her right to due process.

For the reasons set forth below, Petitioner's habeas petition is granted.

**I.  Background**

Petitioner is a 42-year-old Mexican citizen who has lived in the United States since approximately 2001. (ECF No. 1, PageID.11; ECF No. 1-3, PageID.23.) Before she was detained, Petitioner lived in Chicago. (ECF No. 1, PageID.11.) She has four children, all of whom are U.S. citizens and two of whom are minors. (*Id.*) Petitioner does not have a criminal history and states that she has never been arrested. (*Id.*)

On Sunday, September 14, 2025, Petitioner was in a car driven by her cousin, on her way to the supermarket to get groceries. (*Id.*; ECF No. 1-3, PageID.24.) United States Immigration and Customs Enforcement ("ICE") agents pulled the car over after running the license plate because the "plates produced information linked to possible illegal alien." (*Id.*) After speaking with the agents, both Petitioner and her cousin were detained by ICE and Petitioner was ultimately incarcerated at the North Lake Correctional Facility in Baldwin, Michigan. (ECF No. 1, PageID.11.)

On September 16, 2025, the Department of Homeland Security ("DHS") initiated immigration removal proceedings against Petitoner pursuant to 8 U.S.C. § 1229a in Detroit Immigration Court. (ECF No. 1-2.) Petitioner was charged under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. (*Id.*) The Notice to Appear states that Petitioner was subject to removal pursuant to:

> 212(a)(6)(A)(i) of the Immigration and Nationality Act, as amended, in that you are an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General.
>
> 212(a)(7)(A)(i)(I) of the Immigration and Nationality Act (Act), as amended, as an immigrant who, at the time of application for admission, is not in possession of a valid unexpired immigrant visa, reentry permit, border crossing card, or other valid entry document required by the Act, and a valid unexpired passport, or other suitable travel document, or document of identity and nationality as required under the regulations issued by the Attorney General under section 211(a) of the Act.

(ECF No. 1-2, PageID.20.)

Respondents believe that Petitioner is subject to mandatory detention, i.e., detention without a bond hearing, under 8 U.S.C. § 1225(b)(2). (ECF No. 6, PageID.45; ECF No. 1, PageID.2, ¶ 3.)

3

## II. Legal Standard

The Court may issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241. Pursuant to 28 U.S.C. § 2443, the Court, when evaluating an application for a writ of habeas corpus, "shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant . . . is not entitled thereto."

## III. Analysis

### A. The Proper Respondents

Petitioner has named as Respondents (1) ICE Field Office Director Kevin Raycraft, (2) Secretary of DHS Kristi Noem, (3) DHS, (4) the United States Attorney General Pamela Bondi, and (5) the Executive Office for Immigration Review. (ECF No. 1.) Respondents argue that the only proper respondent in this case is Kevin Raycraft. (ECF No. 6, PageID.46.) Petitioner disagrees and urges that the Court should decline to dismiss any Respondent from the case. (ECF No. 9, PageID.121.) Both parties cite *Roman v. Ashcroft*, 340 F.3d 314 (6th Cir. 2003), in support of their arguments.

"A district court shall direct a writ of habeas corpus 'to the person having custody of the person detained.'" 28 U.S.C. § 2243. In *Roman v. Ashcroft*, the Sixth Circuit explained that, generally, the proper respondent to a habeas petition is "the individual having day-to-day control over the facility in which [the alien] is being detained." *Roman*, 340 F.3d at 319 (quoting *Vasquez v. Reno*, 233 F.3d 688, 696 (1st Cir. 2000)). Thus, in immigration habeas cases, "a detained alien generally must designate his immediate custodian—the INS District Director for the district where he is being detained—as the respondent to his habeas corpus petition." *Id.* at 322.

However, *Roman* also acknowledged that the Attorney General may also be a proper respondent under certain circumstances due to "the degree of control which the Attorney General has over an alien's immediate custodian." *Id.* at 324–25. These extraordinary circumstances include if the government "were to exercise its transfer power in a clear effort to evade an alien's habeas petitions." *Id.* at 326. *Roman* suggests that there must be some kind of showing of these extraordinary circumstances in order to keep or add the Attorney General as a respondent. The Sixth Circuit noted that the petitioner in *Roman* "has

5

not alleged facts suggesting either that the government improperly manipulated its authority in an attempt to deny Roman a meaningful opportunity for relief" or that the petitioner faced difficulties such as an inability to know who their immediate custodian is or where the petitioner is being detained. *Id.* at 326; *see also Rumsfeld v. Padilla*, 542 U.S. 416, 435 n.8 (2004) (declining to resolve "whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation").

Petitioner argues that the Court should keep the Attorney General as a named Respondent because there is a possibility that she could be transferred to another district. (ECF No. 9, PageID.121.) But Petitioner does not explain why there is a possibility of a transfer. Further, Petitioner does not explain why the Secretary of DHS Kristi Noem, DHS, and the Executive Office for Immigration Review would be proper respondents to her habeas petition.

As such, the Court will dismiss all Respondents except Kevin Raycraft. Petitioner may amend her petition and may name the Attorney General as a Respondent if she can allege facts that lead her to believe she could be transferred to avoid the Court's jurisdiction.

6

### B. Administrative Exhaustion

Respondents ask that the Court require Petitioner to "seek bond in immigration court before considering the merits of her claim." (ECF No. 6, PageID.48.) Petitioner argues that the Court should waive any administrative exhaustion requirement. (ECF No. 1, PageID.6; ECF No. 9, PageID.120.)

The parties agree that there is no statute that requires Petitioner to administratively exhaust her claims. As such, "the decision to require exhaustion is within the sound discretion of the court." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992); *see also Shearson v. Holder*, 725 F.3d 588, 593 (6th Cir. 2013).

"The Sixth Circuit has not formally adopted a standard for determining when prudential exhaustion applies." *Lopez-Campos v. Raycraft*, No. 2:25-CV-12486, 2025 WL 2496379, at *4 (E.D. Mich. Aug. 29, 2025) (McMillion, J.). Some district courts in the Sixth Circuit have adopted the three-factor test set forth by the Ninth Circuit in *United States v. California Care Corp.*, 709 F.2d 1241, 1248 (9th Cir. 1983), and have thus required prudential exhaustion when,

> 1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision;

(2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and

(3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review.

*Lopez-Campos*, 2025 WL 2496379, at *4 (citing *Shweika v. Dep't of Homeland Sec.*, No. 1:06-cv-11781, 2015 WL 6541689, at *12 (E.D. Mich. Oct. 29, 2015)). Here, all three factors weigh against requiring administrative exhaustion. "First, the issues raised in the habeas petition are purely legal in nature and do not require the agency to develop the record." *Id.* Regarding the second and third factors, it is undisputed that Petitioner "is unlikely to obtain the relief she seeks through the administrative process." (ECF No. 6, PageID.49.) As such, requiring Petitioner to go through the administrative process would be fruitless and a waste of time.

Even if these factors weighed in favor of requiring administrative exhaustion, the Court may still waive administrative exhaustion "when the interests of the individual weigh heavily against requiring administrative exhaustion, or exhaustion would be futile and unable to afford the petitioner the relief he seeks," or when "delay means hardship."

8

*Lopez-Campos*, 2025 WL 2496379, at *4. Here, it is clear that administrative exhaustion should be waived.

Again, Respondents explicitly acknowledges that futility is applicable here.

> However, the agency acknowledges that Mauricio Diego is unlikely to obtain the relief she seeks through the administrative process based on a recent decision by the Board of Immigration Appeals in *Matter of Yajure Hurtado*, 29 I &N Dec. 216 (BIA 2025), which is binding on the agency and the immigration courts, and which conclusively rejects Mauricio Diego's arguments in this case. *See Shawnee Coal Co. v. Andrus*, 661 F.2d 1083, 1093 (6th Cir. 1981) (recognizing that administrative exhaustion may be excused if it would be futile).

(ECF No. 6, PageID.49.)

Second, requiring administrative exhaustion would subject Petitioner to hardship. "Bond appeals before the BIA, on average, take six months to complete." *Lopez-Campos*, 2025 WL 2496379, at *5. Requiring Petitioner to remain in custody for that period of time "'would result in the very harm that the bond hearing was designed to prevent,' that is, prolonged detention without due process." *Pizarro Reyes v. Raycraft*, No. 25-CV-12546, 2025 WL 2609425, at *3 (E.D. Mich. Sept. 9, 2025) (White, J.) (quoting *Hechavarria v. Whitaker*, 358 F. Supp. 3d 227, 237 (W.D.N.Y. 2019)).

9

Third, "the Sixth Circuit has also previously held that a due process challenge generally does not require exhaustion since the BIA lacks authority to review constitutional challenges." *Contreras-Cervantes v. Raycraft*, No. 2:25-CV-13073, 2025 WL 2952796, at *6 (E.D. Mich. Oct. 17, 2025) (McMillion, J.) (citing *Sterkaj v. Gonzales*, 439 F.3d 273, 279 (6th Cir. 2006); *Bangura v. Hansen*, 434 F.3d 487, 494 (6th Cir. 2006)).

Finally, numerous district courts in this district and others have waived administrative exhaustion for petitions with identical circumstances. *Id.* (collecting cases).

Thus, the Court waives Petitioner's exhaustion requirements.

### C. Petitioner's detention pursuant to the INA (Count I)

Respondents state that Petitioner is detained pursuant to 8 U.S.C. § 1225(b)(2), which mandates detention. *See* 8 U.S.C. § 1225(b)(2)(A) (stating that "the alien **shall** be detained" (emphasis added)); (ECF No. 6, PageID.49.) Petitioner argues that § 1225(b)(2) does not apply to her, and that her detention is actually governed by 8 U.S.C. § 1226(a), which "allows for release on conditional parole or bond." (ECF No. 1, PageID.3.)[1]

---

[1] The Court notes that noncitizens charged under 8 U.S.C. § 1182(a)(7)(A)(i) may be subject to mandatory detention if they are placed in expedited removal proceedings. (*See* ECF No. 1, PageID.2 n.1 (citing 8 U.S.C. § 1225(b)(1)(A)(i)).) However, it is undisputed that Petitioner, while charged under 8 U.S.C. §

10

Numerous district courts within the Sixth Circuit and throughout the country have held that § 1226(a), not § 1225(b)(2), is the appropriate statute applicable to "noncitizens who are already in the country and facing removal." *Lopez-Campos*, 2025 WL 2496379, at *5. These courts reasoned that § 1226(a) governs these petitioners' detention after "reviewing the statutory text, statutory history, congressional intent, and statutory application for the last three decades." *Jimenez Garcia v. Raybon*, No. 2:25-CV-13086, 2025 WL 2976950, at *4 (E.D. Mich. Oct. 21, 2025) (DeClerq, J.); *see also Casio-Mejia v. Raycraft*, No. 2:25-CV-13032, 2025 WL 2976737, at *8 n.7 (E.D. Mich. Oct. 21, 2025) (McMillion, J.) (collecting over 30 cases); *see also Gimenez Gonzalez v. Raycraft*, No. 25-CV-13094, 2025 WL 3006185 (E.D. Mich. Oct. 27, 2025); *Morales-Martinez v. Raycraft*, No. 25-CV-13303, 2025 WL 3124695 (E.D. Mich. Nov. 7, 2025); *Santos Franco v. Raycraft*, No. 2:25-CV-13188, 2025 WL 2977118 (E.D. Mich. Oct. 21, 2025); *Sandoval v. Raycraft*, No. 2:25-CV-12987, 2025 WL 2977517 (E.D. Mich. Oct. 17, 2025); *Pacheco Mayen v. Raycraft*, No. 2:25-CV-13056, 2025 WL 2978529 (E.D. Mich. Oct. 17,

---

1182(a)(7)(A)(i), is not in an expedited removal proceeding. (*See id.*; ECF No. 6, PageID.53–54.)

2025); *Hernandez Capote v. Secretary of DHS*, No. 25-13128, 2025 WL 3089756 (E.D. Mich. Nov. 5, 2025); *Contreras-Lomeli v. Raycraft*, No. 2:25-CV-12826, 2025 WL 2976739 (E.D. Mich. Oct. 21, 2025).

The Court agrees with the reasoning set forth in these opinions and finds that Petitioner, "who [has] been [in the United States] for years upon years and never proceeded to obtain any form of citizenship (*e.g.* asylum, permanent residency, refugee status, visas, etc.)," is not "seeking" admission as is required by the plain language of § 1225(b)(2)(A). *Lopez-Campos*, 2025 WL 2496379, at *6. Section 1225(b)(2)(A) "requires that an 'examining immigration officer' determine that the noncitizen is 'seeking admission,'" which "was not and could not have been done under the facts and circumstances of this case." *Id.* In short, § 1225(b)(2)(A) "applies to aliens undergoing inspection, which generally occurs at the United States' border, when they are seeking lawful entry into the United States" and is not applicable to Petitioner. *Jimenez Garcia*, 2025 WL 2976950, at *4 (quoting *Sanchez Alvarez v. Noem*, No. 1:25-CV-1090, 2025 WL 2942648, at *5 (W.D. Mich. Oct. 17, 2025)).

12

Thus, Petitioner is entitled to a bond hearing pursuant to § 1226(a). Because Petitioner is detained without receiving a bond hearing, she is in custody in violation of federal law.

### D. Fifth Amendment Due Process (Count II)

The Court declines to address Petitioner's Fifth Amendment due process claim at this time because Petitioner's requested relief is granted on the basis of Count I (violation of the INA). *See Jimenez Garcia*, 2025 WL 2976950, at *4; *Pizarro Reyes*, 2025 WL 2609425, at *8. If Respondent Raycraft does not release Petitioner or provide her with a bond determination hearing by November 19, 2025, Petitioner may renew her Fifth Amendment Due Process claim.

### IV. Conclusion

For the reasons set forth above,

Respondents Secretary of the Department of Homeland Security Kristi Noem, the Department of Homeland Security, the United States Attorney General Pamela Bondi, and the Executive Office for Immigration Review are DISMISSED;

Petitioner Alicia Mauricio Diego's Petition (ECF No. 1) is GRANTED;

Respondent Raycraft is ORDERED to provide Petitioner with a bond hearing pursuant to § 1226(a) on or before November 19, 2025 or otherwise release her by that same date; and

Respondent Raycraft is ORDERED to file a status report on or before November 20, 2025, certifying that (1) he has complied with this order and that (2) Petitioner was provided a bond hearing on or before November 19, 2025 or otherwise released. Respondent's status report must include the result of the bond hearing, if held.

IT IS SO ORDERED.

Dated: November 12, 2025          s/Judith E. Levy
Ann Arbor, Michigan               JUDITH E. LEVY
                                  United States District Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or first-class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 12, 2025.

s/William Barkholz
WILLIAM BARKHOLZ
Case Manager